ENGINEERING ASSOCIATES, INC., v. KENNETH OSCAR PANKOW.

(Filed 21 September, 1966.)

**1. Contracts § 7—**

> An agreement of an employee, imposed as a condition of his continued employment, that he would not engage in work for any competitor of the employer for a period of five years after termination of the employment, without territorial restrictions, would be unenforceable for failure of consideration and for unreasonableness as to territory.

**2. Same—**

> Where an employee is forced to resign for his refusal to sign an agreement that in the event he left the employment he would not work for any competitor of the employer for a period of five years, the employer is not entitled to restrain him from working for a competitor, even though he uses knowledge and skill acquired in the former employment, there being no evidence that the employee acquired his knowledge in bad faith or carried from the employment anything except the skill and knowledge acquired during his tenure.

APPEAL by plaintiff from *Martin, S.J.,* at June 6, 1966 Civil Session of BUNCOMBE Superior Court.

The plaintiff, Engineering Associates, Inc., is an engineering corporation engaged in the design, manufacture and sale of machinery to the ceramics, tobacco and other industries. Its evidence tends to show that it is one of only two such companies in the United States which are generally recognized as competent in the development and manufacture of this custom machinery.

In the summer of 1962 the defendant Pankow became an employee of the plaintiff, eventually becoming a Project Engineer. In this capacity he learned secret and confidential information as to the methods and designs of the plaintiff. During his employment of three and a half years the company sold him twenty shares of its closely held stock.

On 6 January, 1966, the President and Vice-president of the plaintiff corporation called defendant before them and asked him to sign a contract which provided that in the event the defendant left plaintiff's employment he would not work for any competitor of the plaintiff for a period of five years thereafter. The contract was presented to him as a condition of his continued employment by the plaintiff, and that if he declined to sign it he could pick up his pay check. The evidence reveals no advantage or other inducement moving to the defendant in return for his assent to the proposed contract. Defendant refused to sign the contract and submitted his resignation on 25 January, 1966, to be effective 25 February, 1966.

Subsequently defendant obtained employment at C. P. Clare Company and did additional engineering work for Fishburne Equipment Company. The latter was a competitor of the plaintiff in designing machines and mechanical devices, primarily in the tobacco industry. In defendant's work for Fishburne Equipment Company, he used knowledge he had acquired while working for the plaintiff.

The defendant was called as an adverse witness by the plaintiff and testified that he was never told that he was a trusted or special or confidential employee dealing with trade secrets until he was presented with the proposed contract . . . When defendant left the employment of the plaintiff, he took no plans, specifications, design data, or lists of sources of supply or customers.

On 20 April, 1966, the plaintiff instituted this action against the defendant for the purpose of obtaining an injunction against the defendant prohibiting his furnishing or selling to Fishburne Equipment Company or any other competitor of the plaintiff any information, plans, knowledge or trade secrets obtained by the defendant as an employee of the plaintiff. A temporary restraining order was entered which was continued until the trial, at which time the

defendant's motion for nonsuit was granted and the action was dismissed at the close of plaintiff's evidence.

Plaintiff appealed.

*Lee, Lee & Cogburn by Max O. Cogburn for plaintiff appellant.*
*Herbert L. Hyde, Roy W. Davis, Jr., Van Winkle, Walton, Buck & Wall for defendant appellee.*

PLESS, J. In *Greene Company v. Kelley,* 261 N.C. 166, 134 S.E. 2d 166, this Court said: "The courts generally have held that restrictive covenants not to engage in competetive employment are in partial restraint of trade, and hence to be enforceable they must be (1) in writing, (2) supported by a valid consideration, and (3) reasonable as to terms, time, and territory. Failure in either requirement is fatal. * * * (w)hen the relationship of employer and employee is already established without a restrictive covenant, any agreement thereafter not to compete must be in the nature of a new contract based upon a new consideration. *Kadis v. Britt,* 224 N.C. 154, 29 S.E. 2d 543. Therefore, the employer could not call for a covenant not to compete without compensating for it."

This case was later cited by Higgins, J., in a concise opinion in *Greene Co. v. Arnold,* 266 N.C. 85, 145 S.E. 2d 304.

Had the defendant signed the proposed contract the plaintiff would have been unable to enforce it. It fails to comply with requirements cited above in at least two particulars. First, there was complete lack of consideration; and second, it was unreasonable in view of the time and territory involved. It may be that in some instances and under extreme conditions five years would not be held to be unreasonable, but when it is coupled with no restrictions whatever as to territory there can be no doubt of its unreasonableness. In effect it would mean that this defendant would have been unable to use the skill, knowledge and experience gained in three and a half years anywhere in the world. As said in *Peerless Pattern Co. v. Pictorial Review,* 147 App. Div. (N.Y.) 715, that where a person in his new employment undertakes to use the knowledge acquired in the old, it is not unlawful, for "equity has no power to compel a man who changes employers to wipe clean the slate of his memory."

The defendant refused to sign the contract, and was well within his rights in doing so. The plaintiff, however, is asking the court to bind the defendant to a contract which he voluntarily and knowingly refused to sign.

To state the proposition is to decide the case. The Court has con-

sidered the plaintiff's position that in the absence of a contract the defendant should be enjoined from working for its competitor under the conditions alleged.

The plaintiff has offered no evidence that defendant acquired knowledge of its business in bad faith, and "an employee may take with him, at the termination of his employment, general skills and knowledge acquired during his tenure with the former employer." *Schulenburg v. Signatrol*, 212 N.E. 2d 865 (Ill. 1965). Nor is any abuse of confidence or bad faith in later employment shown as to the defendant. He has merely exercised the privilege every citizen has of accepting employment in the field for which he is trained. The plaintiff cannot, by unjustifiably discharging him, deprive him of this right.

The lower court was correct in dissolving the restraining order and dismissing the action.

No error.