STARKINGS COURT REPORTING SERVICES, INC. v. RUTH E. COLLINS

No. 8312SC397

(Filed 3 April 1984)

**Contracts § 7— contract between business and independent contractor—covenant not to compete unenforceable**

> A contract between plaintiff court reporting service and defendant, independent contractor, which forbade defendant from engaging in the court reporting business in Cumberland County or within a 50 mile radius of Cumberland County for two years from the termination of the business relationship between plaintiff and defendant was unenforceable for two reasons: (1) it was against public policy in that its practical effect was merely to stifle normal competition and (2) it provided for greater restraint on defendant than was reasonably required for the protection of plaintiff.

APPEAL by plaintiff from *Battle, Judge.* Judgment entered 16 February 1983 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 7 March 1984.

On 24 August 1981, plaintiff and defendant signed an "Independent Contractor Agreement," whereby defendant agreed to take court reporting assignments from plaintiff "as an Independent Contractor, not as an agent or employee." Defendant agreed to pay her own taxes, liability insurance, and operating expenses. Fees generated pursuant to this agreement would belong to plaintiff, and plaintiff agreed to pay 70% of the fee to defendant. The agreement purported to bind defendant to a covenant not to compete with plaintiff, which forbade defendant from engaging in the court reporting business in Cumberland County or within a 50 mile radius of Cumberland County for two years from the termination of the business relationship between plaintiff and defendant. The agreement recited $100.00 as consideration for the covenant not to compete clause.

On or about 21 October 1982, defendant terminated the business relationship with plaintiff. Soon thereafter, defendant established her own court reporting service in Cumberland County. On 27 January 1983, plaintiff filed the complaint in this action, seeking permanent injunctive relief for plaintiff and against defendant for violations by defendant of the covenant not to compete contained in the Independent Contractor Agreement. The case was heard in Superior Court without a jury, and the trial

judge denied plaintiff's prayer for a permanent injunction against defendant and declared the covenant not to compete clause of the Independent Contractor Agreement to be invalid, void and unenforceable. Plaintiff appealed.

*Anderson, Broadfoot, Anderson, Johnson & Anderson, by Henry L. Anderson, Jr., for plaintiff-appellant.*

*Russ, Worth, Cheatwood & McFadyen, by Philip H. Cheatwood, for defendant-appellee.*

EAGLES, Judge.

Plaintiff assigns as error the trial court's conclusion of law that the covenant not to compete clause of the Independent Contractor Agreement between plaintiff and defendant was in restraint of trade, unreasonable and unfair to plaintiff, against public policy, illegal, unenforceable and void. Plaintiff contends that the restrictions on this independent contractor are no broader than is necessary to protect the legitimate interests of the plaintiff. We do not agree.

G.S. 75-1 declares contracts in restraint of trade to be illegal in North Carolina. However, our courts have recognized the rule that a covenant not to compete is enforceable in equity if it is: (1) in writing; (2) entered into at the time and as part of the contract of employment; (3) based on valuable consideration; (4) reasonable both as to time and territory embraced in the restrictions; (5) fair to the parties; and (6) not against public policy. *Orkin Exterminating Co. v. Griffin*, 258 N.C. 179, 128 S.E. 2d 139 (1962); *Schultz and Associates v. Ingram*, 38 N.C. App. 422, 248 S.E. 2d 345 (1978). This court has noted that even where there is an otherwise permissible covenant not to compete:

> [T]he restraint is unreasonable and void if it is greater than is required for the protection of the promisee or if it imposes an undue hardship upon the person who is restricted. Owing to the possibility that a person may be deprived of his livelihood, the courts are less disposed to uphold restraints in contracts of employment than to uphold them in contracts of sale. (Citations omitted.)

*Wilmar, Inc. v. Liles,* 13 N.C. App. 71, 75, 185 S.E. 2d 278, 281 (1971). See also, Restatement (Second) of Contracts Section 188 (1979).

The covenant not to compete here is an unreasonable restraint of trade and thus unenforceable for two reasons: (1) it is against public policy in that its practical effect is merely to stifle normal competition and (2) it provides for greater restraint on defendant than is reasonably required for the protection of plaintiff. Defendant here was truly an *independent* contractor and not an employee of plaintiff: defendant used her own equipment, paid her own operating expenses, and was not subject to any regulation, direction or control by plaintiff as to format, timeliness or method in performing her court reporting assignments. Defendant had no access to trade secrets or unique information as a result of her business association with plaintiff. There was no need to protect plaintiff's customer lists, since anyone could go to a telephone book or lawyers' directory to find a list of attorneys who would be potential customers. It is clear, then, that this covenant not to compete was designed for one purpose: to restrain and inhibit normal competition. Our Supreme Court has said that when the effect of a contract "is merely to stifle normal competition, it is . . . offensive to public policy . . . in promoting monopoly at the public expense and is bad." *Kadis v. Britt,* 224 N.C. 154, 159, 29 S.E. 2d 543, 546 (1944). In such a case, the public has a greater interest in preserving an individual's ability to earn a living than in protecting an employer from competition. *Id.* at 160, 29 S.E. 2d at 546.

Because the covenant not to compete in this Independent Contractor Agreement is against public policy and provides for greater restraint on defendant than is required to protect plaintiff, the trial judge was correct in declaring this covenant not to compete to be invalid, void and unenforceable.

Affirmed.

Judges WEBB and BECTON concur.