ELECTRICAL SOUTH, INC. v. J. GREGORY LEWIS

No. 8918SC19

(Filed 7 November 1989)

1. **Appeal and Error § 6.2 (NCI3d) — covenant not to compete — denial of preliminary injunction — appealable**

     The Court of Appeals elected to address whether a covenant not to compete was enforceable in an appeal from the denial of a preliminary injunction where plaintiff would lose a substantial right prior to final determination on the merits and the case presented an important question affecting the

**ELECTRICAL SOUTH, INC. v. LEWIS**

[96 N.C. App. 160 (1989)]

rights of employers and employees who choose to execute agreements involving covenants not to compete.

**Am Jur 2d, Appeal and Error § 388.**

2. **Master and Servant § 11.1 (NCI3d) — covenant not to compete — not enforceable**

A covenant not to compete was not enforceable where the covenant stated that the employee could not own, manage, operate, be employed by, participate in, or be connected in any manner with the ownership, management, operation or control of any concern which manufactures or designs industrial solid state electronic equipment or which repairs or services industrial solid state electronic equipment or which competes directly or indirectly with the company in such endeavors within a radius of two hundred miles of Greensboro. The focus of the restraint was not on the employee's competition for the company's customers in a 200-mile circle, but on employee's association with another company, wherever located, which may be linked with plaintiff company's competitors within the 200-mile circle by any slender thread.

**Am Jur 2d, Master and Servant § 106; Monopolies, Restraints of Trade, and Unfair Trade Practices §§ 543, 544, 566-568.**

APPEAL by plaintiff from *Long (James M.), Judge.* Order entered 6 October 1988 in Superior Court, GUILFORD County. Heard in the Court of Appeals 25 August 1989.

*Adams Kleemeier Hagan Hannah & Fouts, by Joseph W. Moss, for plaintiff-appellant.*

*Turner, Rollins, Rollins & Clark, by Clyde T. Rollins, for defendant-appellee.*

GREENE, Judge.

Plaintiff (hereafter "Company" or "plaintiff") and defendant J. Gregory Lewis (hereafter "Employee") were parties to a non-competition agreement. Plaintiff requested and was granted a preliminary injunction by the trial court, restraining defendant from disclosing trade secrets and confidential information. The trial court denied the Company's request for a preliminary injunction

restraining defendant from competing with the Company. Plaintiff Company appeals.

The evidence presented to the trial court at the preliminary injunction hearing tended to show that the Company and Employee executed an "Employment Contract" (Contract) on or about 24 July 1984. The Contract provided in pertinent part:

9. Non-disclosure of Trade Secrets and Confidential Information. The employee agrees that during the term of his employment hereunder and thereafter, he will not disclose, other than to an employee of the company, any confidential information or trade secrets of the company that were made known to him by the company, its officers or employees, or learned by him while in the company's employ, without the prior written consent of the company, and that upon termination of his employment for any reason, he will promptly return to the company any and all properties, records, figures, calculations, letters, papers, drawings, blue prints or copies thereof or other confidential information of any type or description. It is understood that the term "Trade Secrets" as used in this agreement is deemed to include lists of the companies [sic] customers, information relating to the industrial practices, know how [sic], processes, inventions, decisions and formulas [sic] of the company and any other information of whatever nature which gives to the company an opportunity to obtain an advantage over its competitors who do not have access to such information, but it is understood that said term does not include knowledge, skills or information which is common to the trade or profession of the employee.

. . . .

11. Covenant Not to Compete. The employee covenants and agrees that for a period of twenty-four (24) months after the termination of his employment with the company, regardless of whether such termination is voluntary or involuntary, and whether with or without cause, the employee will not directly or indirectly own, manage, operate, be employed by, participate in, or *be connected in any manner with* the ownership, management, operation or control of any concern which manufactures or designs industrial solid state electronic equipment or which repairs or services industrial solid state electronic equipment, *or which competes directly or indirectly, with the company*

ELECTRICAL SOUTH, INC. v. LEWIS

[96 N.C. App. 160 (1989)]

*in such endeavors, within a radius of two hundred (200) miles of the company's branch office to which the employee is assigned at the time of such termination. . . .* (Emphasis added.)

Pursuant to the Contract, Employee worked with the Greensboro office of Company in its business of repairing industrial electronic equipment. Employee resigned his employment with the Company in late February 1988, and on or about 1 March 1988, Employee began working for an electronics company in Pickens, South Carolina.

The Company's complaint alleges that Employee is now directly competing with the Company's business in performing repairs on industrial electronic equipment. The Company also alleges that Employee's new employer is located within a two-hundred-mile radius of Greensboro, North Carolina, and that Employee has solicited the Company's customers within a two-hundred-mile radius of Greensboro.

The trial court preliminarily enjoined Employee from disclosing the Company's trade secrets and confidential information. The trial court denied the Company's request for a preliminary injunction for the Covenant Not To Compete, entering in its order the following pertinent findings of fact and conclusions of law:

Findings of Fact

6. The covenant not to compete contained in the employment contract between plaintiff and defendant prohibits the defendant from working for any employer, *wherever located*, if that employer competes, directly or indirectly, with the plaintiff within a 200-mile radius of the plaintiff's office in the City of Greensboro, North Carolina. [Emphasis added.]

[Conclusions of Law]

2. The covenant not to compete provision contained in Paragraph 11 of the employment contract is overly broad with relation to territory or area encompassed in the prohibition in that it prohibits defendant from working for any employer wherever located which competes, directly or indirectly, with the plaintiff within a 200-mile radius of plaintiff's office in the City of Greensboro, North Carolina.

NOW, THEREFORE, IT IS ORDERED:

1. Plaintiff's motion pursuant to Rule 65 of the North Carolina Rules of Civil Procedure for an order preliminarily enjoining defendant from competing with plaintiff within a 200-mile radius of plaintiff's office in the City of Greensboro, North Carolina, is denied.

2. Plaintiff's motion for an order preliminarily enjoining defendant from divulging trade secrets or other confidential business information under Paragraph 9 of the employment contract is hereby granted; and defendant is hereby preliminarily enjoined from disclosing any confidential information or trade secrets of the plaintiff that were made known to him by Electrical South, Inc., its officers or employees, while in the company's employ, including lists of the Company's customers, processes, inventions, and formulas [sic] which are unique in nature and which give plaintiff an opportunity to obtain an advantage over its competitors who do not have access to such information; provided, that such trade secrets and confidential information do not include knowledge, skills, or information which is common to the trade or profession of the defendant.

3. Defendant shall immediately return to the company any and all property, records, figures, calculations, letters, papers, drawings, blue prints or copies thereof of any confidential information of any type or description of the plaintiff Electrical South, Inc.[,] which the defendant presently has in his possession.

---

The issue presented in this case is whether the Company's restrictive covenant can bar Employee from employment with a competitor located anywhere in the world who does business within 200 miles of the Company's branch office in Greensboro, North Carolina. The answer to this question resolves the ultimate issue of whether the trial judge properly denied the Company's request for a preliminary injunction.

[1] No appeal lies from a trial court's denial of an interlocutory preliminary injunction unless the appellant would be deprived of a substantial right which he would lose absent a review prior to final determination. *A.E.P. Industries, Inc. v. McClure*, 308 N.C. 393, 400, 302 S.E.2d 754, 759 (1983). This court *must* consider

ELECTRICAL SOUTH, INC. v. LEWIS

[96 N.C. App. 160 (1989)]

whether plaintiff has a right of appeal "even though the question of appealability has not been raised by the parties themselves." *Waters v. Qualified Personnel, Inc.*, 294 N.C. 200, 201, 240 S.E.2d 338, 340 (1978) (emphasis added). Plaintiff has offered no argument, contention or evidence that it would be deprived of a substantial right if we do not hear this case. However, we determine that plaintiff would lose a substantial right prior to final determination of the covenant on its merits in that plaintiff has "essentially lost its case because the [two-year] time limitation" under the covenant expires in March 1990. *A.E.P.*, 308 N.C. at 401, 302 S.E.2d at 759. Although "the appellate process is not the procedural mechanism best suited for resolving the dispute . . . [n]evertheless, because this case presents an important question affecting the respective rights of employers and employees who choose to execute agreements involving covenants not to compete, we have determined to address the issues." *A.E.P.*, 308 N.C. at 401, 302 S.E.2d at 759.

[2]   A preliminary injunction is an equitable remedy, and will issue only if the movant is able to show at the hearing the " 'likelihood of success on the merits of his case.' " *A.E.P.*, 308 N.C. at 401, 302 S.E.2d at 759 (emphasis omitted) (citations omitted). This 'likelihood of success' results from the movant's prima facie showing of prerequisites to the enforceability of a covenant: its reasonableness as to time and territory. *A.E.P.*, 308 N.C. at 402-03, 302 S.E.2d at 761. "Since the determinative question is one of public policy, the reasonableness and validity of the contract is a question for the court and not for the jury, to be determined from the contract itself and admitted or proven facts. . . ." *Kadis v. Britt*, 224 N.C. 154, 158, 29 S.E.2d 543, 545 (1944).

Because grant of an injunction is an equitable matter, the trial court in its sound discretion considers the "question of undue hardship imposed on the defendant." *Kadis*, 224 N.C. at 164, 29 S.E.2d at 549. The public's interest in preserving an individual's ability to earn a living outweighs the employer's protection from competition "[w]hen the contract is defective . . . because its practical effect is merely to stifle normal competition. . ." *Id.*, 224 N.C. at 159, 29 S.E.2d at 546. *See also Starkings Court Reporting Ser., Inc. v. Collins*, 67 N.C. App. 540, 313 S.E.2d 614 (1984). The "equitable balance between conflicting interests of employer and employee" takes into account "the right of the employer to protect, by reasonable contract with [its] employee, the unique assets of [its] business, a knowledge of which is acquired during the employment

ELECTRICAL SOUTH, INC. v. LEWIS

[96 N.C. App. 160 (1989)]

and by reason of it. . . ." *Kadis*, 224 N.C. at 159, 29 S.E.2d at 546. These 'unique assets' have been defined as "customer contacts" and "confidential information" by our courts. *United Laboratories, Inc. v. Kuykendall*, 322 N.C. 643, 653, 657, 370 S.E.2d 375, 381, 384 (1988). "To this [employer's right] must be added the condition that [the contract does] not impose unreasonable hardship on the [employee]. . . ." *Kadis*, 224 N.C. at 161, 29 S.E.2d at 547. As a general rule, courts will enforce employer-drawn restrictions on an employee's use of 'customer contacts' and 'confidential information,' " 'providing the covenant does not offend against the rule that as to time . . . or as to territory it embraces it shall be no greater than is reasonably necessary to secure the protection. . . .' " *A.E.P.*, 308 N.C. at 408, 302 S.E.2d at 763 (citation omitted).

Here, the trial court preliminarily enjoined Employee from disclosing confidential information about the Company's business that Employee acquired during employment with the Company. This information encompassed customer lists, "industrial practices, know how [sic], processes, inventions, decisions and formulas [sic] . . . which gives to the company an opportunity to obtain an advantage over its competitors who do not have access to such information." The trial court then found as a fact that "[t]he covenant not to compete contained in the employment contract between plaintiff and defendant prohibits the defendant from working for any employer, wherever located, if that employer competes, directly or indirectly, with the plaintiff within a 200-mile radius of the plaintiff's office in the City of Greensboro, North Carolina[,]" and concluded that the restriction was "overly broad."

Our de novo review of the trial court's grant or denial of a preliminary injunction is based on the "facts and circumstances of the particular case." *Clyde Rudd & Associates, Inc. v. Taylor*, 29 N.C. App. 679, 684, 225 S.E.2d 602, 605, *disc. rev. denied*, 290 N.C. 659, 228 S.E.2d 451 (1976). When we review the evidence presented at the hearing, " 'there is a presumption that the [trial court's decision was] correct, and the burden is upon appellant to show [that the trial court erred in ruling].' " *Western Conference v. Creech*, 256 N.C. 128, 140, 123 S.E.2d 619, 627 (1962) (citation omitted).

The pertinent provision of the contract at issue is Section 11, Covenants Not to Compete. It states that Employee cannot "own, manage, operate, be employed by, participate in, or *be con-*

ELECTRICAL SOUTH, INC. v. LEWIS

[96 N.C. App. 160 (1989)]

nected in any manner with the ownership, management, *operation* or control of any concern which manufactures or designs industrial solid state electronic equipment or which repairs or services industrial solid state electronic equipment *or* which *competes directly or indirectly*, with the company in such endeavors within a radius of [200] miles of [Greensboro.]" (Emphases added.)

We note that the language of the contract, above, is ambiguous, because of the word "or": "*or* which competes directly or indirectly with the company in such endeavors . . ." (Emphasis added.) Grammatically, 'or' in this covenant can be read to mean "or" or "and." It can indicate either two types of business 'concerns' or one business 'concern' with several characteristics. If one reads the covenant so that "or" is used in its disjunctive sense ("either/or"), the contract language seems to enumerate two types of "[business] concerns" that Employee cannot "be connected in any manner with" [sic]: the first 'which manufactures,' 'designs' or 'repairs' industrial solid state electronic equipment within 200 miles of Greensboro, *or* the second 'which competes directly or indirectly with the Company' within 200 miles of Greensboro. If, however, we read the "or" in its conjunctive ("and") sense, the covenant describes only one type of business 'concern' having two prohibited attributes: one that 'manufactures or designs,' 'repairs or services,' *and* 'which competes directly or indirectly with the Company' within 200 miles of Greensboro. When the language in a contract is ambiguous, we view the practical result of the restriction by "construing the restriction strictly against its draftsman. . ." *Manpower of Guilford County, Inc. v. Hedgecock*, 42 N.C. App. 515, 522, 257 S.E.2d 109, 115 (1979). Construing the contract according to this tenet, we interpret the word 'or' in its conjunctive sense and do not determine whether the contract has a divisible provision which may be enforceable. A court can "enforce the restrictions in the territorial divisions deemed reasonable and refuse to enforce them in the divisions deemed unreasonable." *Welcome Wagon, Inc. v. Pender*, 255 N.C. 244, 248, 120 S.E.2d 739, 742 (1961); *Schultz and Assoc. of the Southeast, Inc. v. Ingram*, 38 N.C. App. 422, 429, 248 S.E.2d 345, 351 (1978) (divisible "areas of activity").

Additionally, the Company argues that the language of the contract requires that we read 'or' in the covenant to mean 'and.' Consistent with contract interpretation rules and the Company's argument, the covenant is not divisible and the Company has no right to enforcement of the indivisible contract as it is written.

The Company contends that even if the covenant refers to only one business 'concern,' it is not overly restrictive because the covenant only bars Employee from *competing for or soliciting the Company's customers inside* the 200-mile radius. Presuming this point, the Company introduced and directed all of its evidence at the preliminary injunction hearing to illustrate its need to protect its existing customers from Employee's competition inside the 200-mile radius. However, the Company misperceives the plain language of the covenant, which addresses Employee's *association with Company's competitors* 'wherever located.' The focus of the restraint was not on *Employee's competition* for the Company's customers in the 200-mile circle around Greensboro, but on Employee's *association* with another company, wherever located, which may be linked with the Company's competitors within the 200-mile circle by *any* slender thread; for instance, a company which creates advertising for a Company competitor.

The restriction prohibits Employee's association with an employer anywhere in the world if the new employer indirectly competes with the Company in the Greensboro locale. Its practical effect is to limit Employee's employment within the solid state electronic equipment industry only to companies that do not compete with the Greensboro branch office and surrounds in any manner, regardless of how far away Employee moves to obtain work, regardless of the position Employee accepts and regardless of the current protection of the Company's interests by the trial court's injunction on Employee prohibiting disclosure of information acquired while he worked with the Company. Furthermore, the prohibition against Employee's "connect[ion] in any manner with" the 'concerns' could arguably result in a breach of the covenant if any of Employee's *family* worked with a Company competitor. The "shotgun" approach to drafting this provision produces oppressive results, which violate both the public's and Employee's interest in his earning a living.

We conclude that the Company has failed to carry its burden of showing a likelihood of success on the merits as to the compliance of the Covenant Not to Compete with public policy or the reasonableness of its territorial restriction.

The trial judge correctly denied the Company's request for a preliminary injunction enforcing the noncompetition clause of this Contract.

Affirmed.

Judges JOHNSON and ORR concur.