DAVID A. YOUNG, Plaintiff v. MASTROM, INC., Defendant

JOHN R. BEITH, Plaintiff v. MASTROM, INC., Defendant

MASTROM, INC., Plaintiff v. C. DAVID CARPENTER, Defendant

No. 8920DC713

(Filed 19 June 1990)

**1. Master and Servant § 11.1 (NCI3d) — covenants not to compete — unenforceability for lack of consideration**

  Covenants not to compete in three employment contracts were unenforceable for lack of consideration where there was no agreement as to the terms of the covenants at the time of employment, and none of the employees received a salary increase or other benefit for signing the covenants.

**Am Jur 2d, Master and Servant §§ 106, 107.**

**2. Master and Servant § 11.1 (NCI3d) — covenant not to compete — no trade secrets known by employee — covenant nevertheless enforceable**

  The fact that employees do not possess unique trade secrets as a result of their employment cannot properly serve as a basis for holding restrictive covenants invalid, since customers developed by an employee are the property of the employer and may be protected by a valid covenant not to compete.

**Am Jur 2d, Master and Servant §§ 106, 107.**

APPEAL by Mastrom, Inc., the defendant in 84 CVD 946 and 85 CVD 006 and plaintiff in 85 CVD 117, from judgment entered 20 February 1989 by *Judge Ronald W. Burris* in MOORE County District Court. Heard in the Court of Appeals 16 January 1990.

  Plaintiffs Young and Beith, who are former employees of defendant Mastrom, Inc. ("Mastrom"), instituted a declaratory judgment action on 27 December 1984 to determine the validity of covenants not to compete contained in their employment contracts with Mastrom. Mastrom counterclaimed for damages and injunctive relief for breach of the employment contract.

Mastrom, as plaintiff, filed a breach of employment contract action against its former employee, defendant Carpenter, seeking damages and injunctive relief. All parties agreed to consolidate the three actions for trial as they contain common issues of law and fact. They also agreed that only the issue of the validity of the covenants not to compete would be determined by the trial court. After a hearing, the trial court made findings of fact and concluded as a matter of law that the restrictive covenants in all three employment contracts were invalid and of no force and effect. Mastrom appeals the judgment.

*Brown, Robbins, May, Pate, Rich, Scarborough & Burke, by P. Wayne Robbins and Carol M. White, for appellant Mastrom, Inc.*

*Pollock, Fullenwider, Cunningham & Patterson, P.A., by Bruce T. Cunningham, Jr. and S. Jon Fullenwider, for appellees.*

JOHNSON, Judge.

Mastrom is a business engaged in providing consultant services to the medical and dental professions. Although the three employees' exact job descriptions are not entirely clear from the record, they apparently worked with Mastrom's accounting and bookkeeping, and some or all of them worked directly with clients.

As to plaintiff Young's action against Mastrom, the trial court made the following pertinent findings of fact: Young interviewed for employment with Mastrom in the summer of 1971. He was not shown an employment contract or restrictive covenant during this time. On 16 August 1971, Young accepted an offer of employment from Mastrom and began work. On 23 August 1971, Young signed an employment contract containing a restrictive covenant. He had not seen the covenant prior to 23 August, and if it was discussed at all during initial interviews, it was only in general terms. Young received no salary increase or other benefits for signing the restrictive covenant. On 18 February 1972, Young signed a second employment contract (with restrictive covenant) for which he received no increase in compensation or benefits.

As to plaintiff Beith, the trial court found that he accepted employment with Mastrom effective 17 June 1974. On 21 June 1974, Beith signed an employment contract with Mastrom which included a covenant not to compete. Prior to 21 June, Beith had not seen the employment contract, personnel policy, or a copy

of the restrictive agreement. If the restrictive covenant was mentioned at all in pre-employment interviews, it was only in general terms. Beith did not receive any increase in salary or benefits when he signed the restrictive covenant.

With regard to defendant Carpenter's employment with Mastrom, the trial court found as fact that Carpenter interviewed with Mastrom in February of 1976. During the interview, Carpenter was not shown a copy of the employment contract, restrictive covenant, or personnel policy. On the Friday following the interview, Carpenter accepted employment with Mastrom. He reported for work on 1 March 1976, and on 2 March 1976, he was given an employment contract to sign which contained the restrictive covenant. Carpenter received no increase in salary or benefits for signing the contract.

Although not mentioned in the findings of fact, the evidence tends to show that Young, Beith and Carpenter resigned their positions with Mastrom effective 31 January 1985 and formed their own business which provides services similar to those performed by Mastrom. Some of the clients the three employees had serviced at Mastrom followed them to their new business.

In holding that the three restrictive covenants were invalid and unenforceable, the trial court concluded as a matter of law that the covenants were not supported by adequate consideration; were not ancillary to an independent employment contract; and that the employees did not possess unique trade secrets as a result of their employment with Mastrom.

Before addressing Mastrom's argument that the restrictive covenants are valid and enforceable, we note that factual findings made in a nonjury trial have the force and effect of a jury verdict, and, if supported by competent evidence, are conclusive on appeal even though there may be contrary evidence. *Industrial & Textile Piping, Inc. v. Industrial Rigging*, 69 N.C. App. 511, 317 S.E.2d 47, *disc. rev. denied*, 312 N.C. 83, 321 S.E.2d 895 (1984). The resolution of conflicting inferences raised by the evidence is also binding on appeal. *Williams v. Insurance Co.*, 288 N.C. 338, 218 S.E.2d 368 (1975).

To be enforceable, a covenant not to compete must be (1) in writing; (2) reasonable as to time and territory; (3) made a part of the employment contract; (4) based on valuable consideration;

YOUNG v. MASTROM, INC.

[99 N.C. App. 120 (1990)]

and (5) designed to protect a legitimate business interest of the employer. *A.E.P. Industries v. McClure*, 308 N.C. 393, 403-04, 302 S.E.2d 754, 760-61 (1983). The promise of new employment will serve as valuable consideration and support an otherwise valid covenant. *Wilmar, Inc. v. Corsillo*, 24 N.C. App. 271, 210 S.E.2d 427 (1974), *cert. denied*, 286 N.C. 421, 211 S.E.2d 802 (1975). If the employment relationship already exists, a future covenant must be based on new consideration. *Greene Co. v. Kelley*, 261 N.C. 166, 134 S.E.2d 166 (1964). This Court has also held that if a covenant is a part of an original verbal employment contract, it will be considered to be based on valuable consideration. *Robins & Weill v. Mason*, 70 N.C. App. 537, 320 S.E.2d 693, *disc. rev. denied*, 312 N.C. 495, 322 S.E.2d 559 (1984). It is immaterial that the written contract is executed after the employee starts to work. *Id.* However, the terms of a verbal covenant which is later reduced to writing must have been agreed upon at the time of employment in order for the later written covenant to be valid and enforceable. *Stevenson v. Parsons*, 96 N.C. App. 93, 97, 384 S.E.2d 291, 293 (1989).

[1] The issue of whether the employment relationship already existed at the time the employees discussed the terms of their covenants with Mastrom (so that the promise of new employment could not serve as consideration for signing the restrictive covenants) hinged on the credibility of the witnesses. The trial court, acting as fact finder, determined that during the pre-hiring interviews, none of the three employees were shown a copy of an employment contract, the restrictive covenant, or the personnel policy. As to employees Young and Beith, the court found that if the restrictive covenants were discussed at all during pre-employment interviews, it was only in general terms. The court made no finding that employee Carpenter discussed the restrictive covenant prior to becoming employed at all. Under the rule of *Stevenson v. Parsons, supra*, the *terms* of an oral covenant later executed in writing must be agreed on at the time of employment for the promise of employment to serve as consideration, thus making an otherwise valid covenant enforceable. In the instant cases there was no agreement as to the terms of the covenants at the time of employment. Therefore, the promise of employment cannot serve as consideration. The court also found that none of the employees received a salary increase or other benefit for signing the covenants. In reviewing the record, we find that these findings of fact are well supported

by the evidence. We therefore agree with the trial court that the covenants are unenforceable for lack of consideration.

Mastrom argues that in the case of former employee Young, consideration existed for the second restrictive covenant he signed about six months after he began work. The trial court found that Young received no consideration. We agree with the trial court. Mastrom contends that as part of the new contract, Young changed from being paid a straight salary to a base plus incentive pay plan. However, the evidence does not show that this change, which was implemented over a period of months, was linked to Young's signing of the noncompetitive agreement. Further, the promises in the second covenant as to the rate of compensation, employee expense reimbursement, vacation and sick leave are all stated to be in the discretion of the Board of Directors, state no figures, and are so illusory that they could not provide consideration for the second covenant. *Whittaker General Medical Corp. v. Daniel*, 324 N.C. 523, 379 S.E.2d 824 (1989).

We also find that the thirty day notice provision in the second noncompetitive covenant signed by Young does not in this case create compensation. The provision stated that thirty days notice "shall" be given by either party rather than "may" be given as in Young's first contract. Mastrom argues that this guarantees a month's wages before termination and serves as consideration for the second covenant. However, Mastrom did not follow the thirty day provision. Young wrote Mastrom on 11 December 1984 of his intention to resign effective 31 January 1985, which he noted allowed for the thirty day notice required in his contract. Mastrom's vice president, G. Monroe Wilson, wrote Young on 20 December 1984 that he was immediately relieved of his duties and would be paid "normal pay for December and severance pay in lieu of the stated thirty (30) days notice." Since Mastrom did not follow the termination provision of the second covenant, the mutual exchange of promises regarding notice would serve as consideration only for that particular provision, and would not support the entire agreement. *See Collier Cobb & Assoc. v. Leak*, 61 N.C. App. 249, 300 S.E.2d 583 (1983).

[2] Because we find that none of the three employees' noncompetitive agreements were supported by consideration, we need not address the other grounds cited by the trial court as bases for holding the agreements unenforceable. However, we do observe

FLOYD v. N.C. DEPT. OF COMMERCE

[99 N.C. App. 125 (1990)]

that the fact that the employees did not possess unique trade secrets as a result of their employment with Mastrom cannot properly serve as a basis for holding the covenants invalid. Customers developed by an employee are the property of the employer and may be protected by a valid covenant not to compete. *Whittaker General Medical Corp. v. Daniel, supra; United Laboratories, Inc. v. Kuykendall,* 322 N.C. 643, 370 S.E.2d 375 (1988).

For the foregoing reasons, the decision of the trial court is

Affirmed.

Judges PARKER and GREENE concur.