MILNER AIRCO, INC. OF CHARLOTTE, NC v. KENNETH W. MORRIS, MACK
S. LOVE AND WOODS HEATING AND AIR CONDITIONING, INC.

No. 9226SC538

(Filed 7 September 1993)

**Labor and Employment § 84 (NCI4th) — covenants not to compete —
absence of consideration — preliminary injunction improper**

Covenants not to compete signed by two employees of
plaintiff heating and air conditioning company were not sup-
ported by consideration where the covenants were distributed
to all of plaintiff's account managers or potential account
managers with an explanation that this was done to make
their jobs more secure by preventing a loss of customers;
no promotions were anticipated or promised unless and until
"the economy improved"; one employee signed the agreement
in order to become an account manager when the economy
improved; the second employee signed the agreement shortly
after a demotion and after being told that he would sign the
document or leave; and plaintiff employer made no promise
that it was required to keep in return for the promise not
to compete. Therefore, the trial court erred in entering a
preliminary injunction enforcing the covenants not to compete.

**Am Jur 2d, Monopolies, Restraint of Trade, and Unfair
Trade Practices §§ 513, 550.**

**Sufficiency of consideration for employee's covenant not
to compete, entered into after inception of employment. 51
ALR3d 825.**

Appeal by defendants from order entered 17 March 1992 by
Judge Robert P. Johnston in Mecklenburg County Superior Court.
Heard in the Court of Appeals 27 April 1993.

Defendants seek reversal of the trial court's order and dissolu-
tion of the injunction. Defendants contend on appeal that the trial

MILNER AIRCO, INC. v. MORRIS

[111 N.C. App. 866 (1993)]

court erred in granting the preliminary injunction enforcing the covenants not to compete. We agree and therefore order that the injunction be dissolved.

*Louis A. Bledsoe, Jr. for plaintiff-appellee.*

*W. Faison Barnes for defendant-appellants.*

ORR, Judge.

Plaintiff Milner-Airco initiated this action against two former employees, defendants Kenneth W. Morris and Mack S. Love, and their current employer, Woods Heating and Air Conditioning, Inc., alleging breach of contract and interference with contract. In his complaint, the plaintiff also sought a temporary and permanent injunction against the defendants, asking the court to enforce the covenant not-to compete provisions of their employment contracts. The trial court granted the temporary injunction on 17 March 1992. All defendants gave notice of appeal.

Defendants Love and Morris were first employed by plaintiff during the 1980's, as an installer helper and installer, respectively. On 21 January 1990, Milner executed an employment contract with Morris. According to the affidavit of Mr. Morris, no specific compensation or promotion was discussed at the time of signing. In April 1990, after an extended lay-off, defendant Love was rehired by Milner as a field supervisor. On or about 1 May 1991, Milner required Love to sign a similar employment contract. According to Love's affidavit, he was required to sign the document even though he had actually just received a demotion. The agreements prohibited defendants from contacting competitors or customers or competing with Milner in ". . . selling, offering for sale or promoting the sales of any product, goods or services [including system design] which is the same as or competes with Milner Airco" from the date of his voluntary or involuntary termination with Milner Airco for a two-year period "within a fifty mile radius of the intersection of Trade and Tryon Streets in Charlotte."

In October 1991, defendants Love and Morris resigned their positions with Milner and went to work for defendant Woods, who had begun a heating and air conditioning business. Shortly thereafter, the evidence indicates that the defendants began calling on customers of Milner.

Following a hearing upon application for the preliminary injunction on 17 March 1992, the trial judge granted the injunction. In his conclusions of law, the judge stated in relevant part:

1. That the Employment Contract with non-compete clauses executed by Kenneth Morris and Mack S. Love are enforceable in that they are in writing, reasonable as to the terms, time and territory, based on valuable consideration and not against public policy and are a part of the employment contracts; and,

2. The Court concludes that Plaintiff, in all likelihood will be able to obtain success on the merits of its case and Plaintiff is likely to sustain irreparable loss unless the injunction is issued and/or, in the opinion and discretion of this court, issuance is necessary for the protection of plaintiff's rights during the course of litigation.

The trial court then enjoined the defendants from any activity that conflicted with the terms of the employment agreements until final determination of the issues at trial.

In reviewing the denial and/or granting of a preliminary injunction, we are not bound by the trial court's findings, but may review and weigh the evidence and facts for ourselves. *A.E.P. Industries, Inc. v. McClure*, 308 N.C. 393, 302 S.E.2d 754 (1983). The purpose of a preliminary injunction is to preserve the *status quo* of the parties pending trial on the merits. *State v. School*, 299 N.C. 351, 357, 261 S.E.2d 908, 913, *appeal dismissed*, 449 U.S. 807 (1980).

A preliminary injunction is an extraordinary measure, to be issued by the court, in the exercise of its sound discretion, only when plaintiff satisfies a two pronged test: (1) that plaintiff is able to show the likelihood of success on the merits and (2) that plaintiff is likely to sustain irreparable loss unless the injunction is issued, or if, in the court's opinion issuance is necessary for the protection of a plaintiff's rights during the course of litigation.

*Investors, Inc. v. Berry*, 293 N.C. 688, 701, 239 S.E.2d 566, 574 (1977).

A trial court's ruling on a party's motion for a preliminary injunction is an interlocutory order. *Pruitt v. Williams*, 288 N.C. 368, 218 S.E.2d 348 (1975). As a general rule, no appeal lies from an interlocutory order unless the order deprives appellant of a

MILNER AIRCO, INC. v. MORRIS

[111 N.C. App. 866 (1993)]

substantial right which might be lost absent review before final judgment. N.C. Gen. Stat. §§ 1-277(a) (1983) and 7A-27(d)(1) (1989).

In this case, plaintiff seeks to enforce the covenants not to compete which, if found valid, would prevent defendants from working on current projects. The record indicates that the defendants will do gross business of "not less than $1,000,000.00 this year." Since the inability to do business, particularly given the seasonal nature of air-conditioning installation, doubtless involves a substantial right, the threshold question we decide is whether plaintiff has shown a *likelihood* that the covenant will be upheld. *Triangle Leasing Co. v. McMahon*, 327 N.C. 224, 393 S.E.2d 854 (1990).

This Court has held that the employment agreement itself must be valid and enforceable in order for the employer to be able to show the requisite likelihood of success on the merits. *Triangle Leasing Co.* at 228, 393 S.E.2d at 856. "To be enforceable, a covenant not to compete must be (1) in writing, (2) entered into at the time and as part of the contract of employment, (3) based upon reasonable consideration, (4) reasonable both as to time and territory, and (5) not against public policy." *A.E.P. Industries, Inc.*, 308 N.C. at 402-03, 302 S.E.2d at 760 (1983). It is well established in North Carolina that "the promise of new employment is valuable consideration and will support an otherwise valid covenant not to compete contained in the initial employment contract." *Wilmar, Inc. v. Corsillo*, 24 N.C. App. 271, 273, 210 S.E.2d 427, 429 (1974), *cert. denied*, 286 N.C. 421, 211 S.E.2d 802 (1975) (citations omitted). However, if an employment relationship already exists without a covenant not to compete, any such future covenant must be based upon new consideration. *Greene Co. v. Kelley*, 261 N.C. 166, 134 S.E.2d 166 (1964).

The evidence shows that Morris was employed in plaintiff's engineering department when he signed the employment agreement and that he "executed the employment agreement in order to become an account manager when the economy improved." Morris's affidavit shows that he signed the employment contract on 21 January 1990, and that he became account manager on 1 April 1991, almost fifteen months later. Plaintiff argues that the potential to become an account manager served as the supporting consideration for the contract. Defendant Love signed the agreement on 1 May 1991. However, the evidence indicates that Love had recently been given a demotion, and that he was told that

he would sign the document or leave. The affidavit of William Milner states that these documents were distributed to all account managers or potential account managers in January 1990, and that he

> explained that we were doing this to make their jobs more secure, since they dealt with our customers on a daily basis and a loss of these customers would diminish our need for account managers. We explained that we were going to be doing a lot of training in sales and communication skills and did not want to be training future competitors.

The contract itself, while reciting consideration, actually does not bind the employer to any promise. While in a new employment relationship the promise of employment constitutes sufficient consideration, in the case at bar, Milner made no new promise that he was required to keep in return for the promise not to compete. Milner distributed this document to all current account managers as part of a staff meeting in 1990. The primary purpose for the execution of the contract was to prevent future competition from former employees. Unless and until "the economy improved", no promotions were anticipated or promised. The purported consideration was illusory at best.

> Without guaranteeing to the defendants one day's work, without the obligation of the appellant to employ them or pay them anything,. . . the appellees are induced to sign a paper which, while it has the general appearance of a contract, but keeps the promise to the ear while it breaks it to the hope. Such a contract, wanting in mutuality, presenting no equitable considerations, a court of equity will not enforce.

*Wilmar v. Liles*, 13 N.C. App. 71, 185 S.E.2d 278 (1971), *cert. denied*, 280 N.C. 305, 186 S.E.2d 178 (1972) (quoting *SuperMaid Cook-Ware Corporation v. Hamil*, 50 F.2d 830 (1931)).

> We therefore disagree with the trial court that the plaintiff has shown a *likelihood* of success on the merits, and order that the preliminary injunction be dissolved.

> Reversed.

> Judge JOHNSON concurs.

> Judge McCRODDEN concurs in the result.