PROFESSIONAL LIABILITY CONSULTANTS, INC., PLAINTIFF, v. HOMER U. TODD AND
INSURANCE MANAGEMENT CONSULTANTS, INC., DEFENDANTS

No. COA95-726

(Filed 16 April 1996)

1. **Labor and Employment § 82 (NCI4th)— covenant not to compete—validity and enforceability**

    A covenant not to compete which prohibited defendant insurance agent, for a period of five years after termination of his employment with plaintiff insurance agency, from directly or indirectly contacting or soliciting business from plaintiff's clients who were clients when defendant left plaintiff's employment or were clients three years prior to his leaving was valid and enforceable since defendant had access to certain aspects of plaintiff's accounts and was fully acquainted with plaintiff's methods of conducting business; protection against use of this information by defendant to further his own personal interest was a legitimate business interest of plaintiff; and the five-year time limitation was not unreasonable.

    **Am Jur 2d, Master and Servant §§ 106, 107.**

2. **Labor and Employment § 89 (NCI4th)— covenant not to compete—evidence of breach—preliminary injunction**

    Plaintiff insurance agency established that it is likely to succeed on the merits of its claim for breach of a covenant not to compete so that the trial court did not err by issuing a preliminary injunction in favor of plaintiff where there was evidence to support the trial court's finding that defendant opened his own insurance agency in active competition with plaintiff and, after indirect solicitation, wrote several insurance policies with plaintiff's customers.

    **Am Jur 2d, Master and Servant §§ 23, 106, 107.**

    **Covenants to reimburse former employer for lost business. 52 ALR4th 139.**

Judge SMITH dissenting.

Appeal by defendants from order entered 13 April 1995 in Guilford County Superior Court by Judge Howard R. Greeson. Heard in the Court of Appeals 1 March 1996.

**PROFESSIONAL LIABILITY CONSULTANTS v. TODD**

[122 N.C. App. 212 (1996)]

*Roberson Haworth & Reese, P.L.L.C., by Robert A. Brinson, for plaintiff-appellee.*

*The Austin Law Firm, by William O. Austin, for defendant-appellants.*

GREENE, Judge.

Homer U. Todd (Todd) and Insurance Management Consultants, Inc. (defendants), a corporation owned solely by Todd, appeal an order granting Professional Liability Consultants, Inc.'s (plaintiff) request for a preliminary injunction enforcing a covenant not to compete (covenant) against defendants.

Plaintiff is an insurance agency, selling and servicing liability and malpractice insurance to professionals. Todd was employed by plaintiff as an insurance sales and service representative from July 1989 to July 1993. Plaintiff and Todd entered into an employment contract, including the covenant, which reads:

[Todd] recognizes and acknowledges that information regarding the customers and clients of [plaintiff] . . . is a valuable and unique asset of its businesses.

Accordingly, [Todd] agrees that during the term of his agreement with [plaintiff] and for a period of five (5) years thereafter he will not, unless acting as an officer or employee of the [plaintiff] or with its prior written consent, directly or indirectly: (i) contact or in any way attempt to solicit insurance business from any individual, corporation or organization which is then or during the preceding three years was such a customer or client of [plaintiff], or (ii) disclose any information . . . which would enable any other individual, corporation or organization to solicit insurance business from such customers or clients.

[Todd] acknowledges that the remedies at law for any breach by him of this Agreement will be inadequate and that the [plaintiff], as the injured party, shall be entitled to injunctive relief therefor, in addition to all other remedies available to it for any such breach . . . .

Todd left plaintiff's employment in August 1993 and opened his own insurance agency actively competing with the plaintiff. In March 1995, the plaintiff filed a complaint alleging that Todd was engaged in soliciting and writing "insurance business for clients who were

PROFESSIONAL LIABILITY CONSULTANTS v. TODD

[122 N.C. App. 212 (1996)]

clients and customers of the Plaintiff during . . . Todd's employment with the Plaintiff." The plaintiff claimed, among other things, a breach of contract. The plaintiff requested a preliminary and permanent injunction, as well as damages.

At a hearing on the preliminary injunction, evidence was presented that while Todd was an employee "he became fully acquainted with Plaintiff's methods in conducting its business and . . . personally acquainted with Plaintiff's clients and . . . [their] accounts, including . . . the nature of the clients' business, services required, past informational records, billings, expiration dates, renewal dates, claims information and premiums." Plaintiff also "confirmed with [eight]. . . former clients that Mr. Todd has solicited and written their insurance business since his termination with the Plaintiff." These former clients were "clients and customers of the Plaintiff during Mr. Todd's employment with the Plaintiff."

The trial court found the following pertinent facts:

15. Plaintiff's legitimate business interests include certain aspects of its clients' accounts known to the Defendant only through his employment with the Plaintiff, including the nature of the clients' business, services required, past informational records, billings, expiration dates, renewal dates, claims information and premiums.

. . . .

20. During the time of his employment, Defendant Todd became fully acquainted with Plaintiff's methods of conducting its business, and became personally acquainted with Plaintiff's clients and the various aspects of such clients' accounts, including among other things, the nature of the clients' business, services required, past informational records, billings, expiration dates, renewal dates, claims information and premiums.

The court also found the covenant to be "reasonable and necessary for the protection of the legitimate business interests of the Plaintiff," Todd breached the covenant by "indirectly contacting, soliciting and writing insurance business," and "[i]t appears likely that Plaintiff will prevail on the merits of its claims at trial." The trial court granted plaintiff a preliminary injunction, restraining defendants from:

1. Directly or indirectly contacting or in any way attempting to solicit insurance business from any individual, corporation or

organization who was a client or customer of the Plaintiff while [Todd] was employed by the Plaintiff or who were customers or clients of the Plaintiff within the previous three years from his date of termination.

. . . .

5. However, occasional, inadvertent, and casual social contact or conversation with such clients about matters unrelated to insurance or to the issuance, quoting or renewal of insurance policies, and that does not otherwise provide insurance information or counseling, shall not be deemed to be a violation of this Order.

---

The issues are whether (I) the covenant is valid and enforceable; and if so, (II) defendant breached the covenant.

I

**[1]** A preliminary injunction may be issued by the trial court when the evidence reveals that (1) plaintiff is likely to succeed on the merits of its case and (2) will suffer irreparable loss unless the injunction is issued. *Milner Airco, Inc. v. Morris*, 111 N.C. App. 866, 868, 433 S.E.2d 811, 813 (1993). The defendants only argue that the plaintiff failed in showing that it is likely to succeed on the merits and we address only that issue.

Employment agreements in restraint of trade (covenants), in writing, part of the employment contract and based on reasonable consideration, are valid if they are reasonably necessary for the protection of a legitimate business interest and reasonable as to time and territory. *A.E.P. Indus. v. McClure*, 308 N.C. 393, 404, 302 S.E.2d 754, 761 (1983). A covenant is reasonably necessary for the protection of a legitimate business interest if:

the nature of the employment is such [1] as will bring the employee in personal contact with patrons or customers of the employer, *or* [2] enable him to acquire valuable information as to the nature and character of the business and the names and requirements of the patrons or customers . . . .

*United Labs., Inc. v. Kuykendall*, 322 N.C. 643, 650, 370 S.E.2d 375, 380-81 (1988) (quoting *McClure*, 308 N.C. at 408, 302 S.E.2d at 763). The defendants do not dispute that the covenant at issue was in writing, a part of an employment contract and for valuable consideration.

*Legitimate Business Interest*

The findings in this case, which are not disputed by the defendants, are that Todd had access to certain aspects of plaintiff's accounts (nature of client's business, expiration dates, services required, etc.) and was fully acquainted with plaintiff's methods of conducting business. Protection against use of this information by Todd to further his own personal interest is "well recognized as a legitimate protectable interest of the employer," *Kuykendall,* 322 N.C. at 651, 370 S.E.2d at 381, and a covenant (reasonable as to time and territory) preventing such use is reasonably necessary for the protection of that interest.

*Time and Territory*

When evaluating whether the time and territory restrictions are reasonable, each must be considered in determining the reasonableness of the other. *Hartman v. Odell and Assoc., Inc.,* 117 N.C. App. 307, 311-12, 450 S.E.2d 912, 916 (1994), *disc. rev. denied,* 339 N.C. 612, 454 S.E.2d 251 (1995). In this case, the covenant places no geographic restrictions on where defendants may conduct their business. The only restriction is that defendants may not, for a period of five years after terminating Todd's employment with the plaintiff, directly or indirectly contact or solicit business from plaintiff's clients who were clients when Todd left plaintiff's employment or three years prior to his leaving. Five year covenants have been upheld as reasonable where the protected territory is relatively small, *see Welcome Wagon, Inc. v. Pender,* 255 N.C. 244, 250, 120 S.E.2d 739, 743 (1961) (five years reasonable where only restricted from conducting business in Fayetteville); *Industries, Inc. v. Blair,* 10 N.C. App. 323, 335, 178 S.E.2d 781, 788 (1971) (five years in thirteen specified states held to be reasonable), and in the context of the limited scope of this covenant, we determine that five years is not unreasonable.

II

[2] Defendants argue in the alternative that even if the covenant is valid there is no evidence that defendants have breached the agreement. We disagree. Although the evidence is conflicting, there is evidence to support the finding of the trial court that the defendants "indirectly" solicited and wrote insurance "for a number of clients" who were clients of the plaintiff while Todd was employed by the plaintiff. Although there is no evidence that the defendants directly solicited plaintiff's customers (which is expressly prohibited by the

**PROFESSIONAL LIABILITY CONSULTANTS v. TODD**

[122 N.C. App. 212 (1996)]

covenant), it is undisputed that Todd, after leaving plaintiff's employ-ment, opened his own insurance agency in active competition with the plaintiff and wrote several insurance polices with plaintiff's cus-tomers. This fact alone supports the finding of the trial court that, after indirect solicitation, defendants wrote insurance business for plaintiff's customers. We are thus bound by this finding. *Cornelius v. Helms*, 120 N.C. App. 172, 175, 461 S.E.2d 338, 339-40 (1995), *disc. rev. denied*, 342 N.C. 653, 467 S.E.2d 709 (1996). We do note that the plaintiff does not contend that the covenant prevents the defendants from competing in the open market with the plaintiff for insurance business. The plaintiff does not dispute that the defendants are per-mitted to open an office to sell insurance, even though this consti-tutes an indirect solicitation of plaintiff's customers. Therefore, it is only the selling of insurance to plaintiff's customers who contact defendants as a result of this indirect solicitation that is at issue in this case.

We are also unpersuaded by the argument that the defendants developed their "customer base [from] . . . membership directories of professional associations, a source readily available to anyone," and thus cannot be held to have violated the covenant. Although potential customers may be ascertained from public documents, "information concerning [plaintiff's] customers and their specific needs . . . was intimate knowledge, obtainable only because of [Todd's] employment with plaintiff," and their solicitation violated the covenant. *See Kuykendall*, 322 N.C. at 653, 370 S.E.2d at 382.

Plaintiff has thus shown that it is likely to succeed on the merits of its breach of contract claim and issuance of the preliminary injunc-tion was proper. We note our agreement with the trial court that the language in the covenant preventing "*contact* . . . [with] any individ-ual, corporation or organization which is then or during the preced-ing three years was such a customer or client of the [plaintiff]," is much too broad, does not serve any legitimate business interest and is therefore not enforceable. *See Whittaker Gen. Medical Corp. v. Daniel*, 324 N.C. 523, 528, 379 S.E.2d 824, 828 (1989) (emphasis added). It is the direct or indirect solicitation of these customers that is legitimately prohibited, not casual contact with them.

Affirmed.

Judge LEWIS concurs.

Judge SMITH dissents.

Judge SMITH dissenting.

As the majority correctly states, a trial court may issue a preliminary injunction when the plaintiff's evidence demonstrates: (1) a likelihood of success on the merits; and (2) irreparable loss if the injunction is not granted. *Milner Airco, Inc. v. Morris,* 111 N.C. App. 866, 868, 433 S.E.2d 811, 813 (1993). Because I find this Court's analysis in *Hartman v. Odell and Assoc., Inc.,* 117 N.C. App. 307, 311-18, 450 S.E.2d 912, 916-20 (1994), *disc. review denied,* 339 N.C. 612, 454 S.E.2d 251 (1995), controlling, I do not believe plaintiff has shown a likelihood of success on the merits.

According to the *Hartman* Court, viable covenants not to compete must meet five requirements. A covenant must be:

"(1) in writing; (2) *reasonable as to time and territory*; (3) made a part of the employment contract; (4) based on valuable consideration; and (5) designed to protect a *legitimate business interest* of the employer (citations omitted)."

*Hartman,* 117 N.C. App. at 311, 450 S.E.2d at 916 (emphasis added) (quoting *Young v. Mastrom, Inc.,* 99 N.C. App. 120, 122-23, 392 S.E.2d 446, 448, *disc. review denied,* 327 N.C. 488, 397 S.E.2d 239 (1990)). Under *Hartman*'s analysis, it is inescapable that the instant covenant overreaches, as it is unreasonable as to time and territory. *See Hartman,* 117 N.C. App. at 311-15, 450 S.E.2d at 917-20. The covenant's time and territory terms are so broad that it cannot claim to serve any legitimate business interest. Accordingly, the covenant should not be "blue penciled" (saved) by this Court. *Id.*

### *Time and Territory*

The majority states that "the covenant places no geographic restrictions on where defendants may conduct their business. The only restriction is that defendants may not, for a period of five years after terminating Todd's employment . . . solicit business from plaintiff's clients . . . ." Under *Hartman,* this restriction formulation is insufficient. The *Hartman* Court held that

to prove that a geographic restriction in a covenant not to compete is reasonable, an employer must first show *where its customers are located* and that the *geographic scope* of the covenant is necessary to maintain those customer relationships.

*Hartman,* 117 N.C. App. at 312, 450 S.E.2d at 917 (emphasis added).

Plaintiff's brief describes "[t]he geographic restriction [of the covenant as consisting of its customers] during the prior 3 years from Todd's resignation." Neither this description, nor the majority's analysis that "no geographic restrictions" exist in the covenant, demonstrate the numerical or geographic scope of its customer base. *Hartman*, 117 N.C. App. at 312, 450 S.E.2d at 917. Plaintiff's assertion that the covenant's geographic scope equals its customer base is no more than a tautology. *Id.* At no point in the record has plaintiff shown the number or location of its customer base.

The covenant prohibits "contact . . . to solicit insurance business from any individual, corporation or organization which is then or during the preceding three years was such a customer . . . ." It is plaintiff's burden to demonstrate the geographic scope of its customer base. Plaintiff has failed to do so, leaving the Court with no basis upon which to assess the reasonableness of the territory covered by the covenant.

*Hartman* dictates that time and territory provisions in an anti-competition covenant are to be read in tandem. Each requirement must be considered conjunctively with the other in order to determine the reasonableness of the covenant. *Hartman*, 117 N.C. App. at 311-12, 450 S.E.2d at 918. I agree with the majority that the covenant contains no particularized geographic restriction. It follows that I cannot adjudge the reasonableness of a nonexistent geographic description, or assess the same in tandem with a time provision.

Our Supreme Court has held that "only 'extreme conditions' will support a five-year covenant . . . ." *Hartman*, 117 N.C. App. at 315, 450 S.E.2d at 917 (quoting *Engineering Associates, Inc. v. Pankow*, 268 N.C. 137, 139, 150 S.E.2d 56, 58 (1966). On an operative level, the instant covenant is in essence an eight-year restriction. This restriction is for five years, plus any customer of plaintiff's during the three years prior to defendant's separation date.

The three-year provision impacts retrospectively for three years, transforming what purports to be a five-year covenant into an eight-year restriction. For instance, if a customer has ended its relationship with plaintiff 2 years and 364 days prior to defendant's separation date, the customer may not be contacted for five years thereafter. Plaintiff has provided the Court with no compelling reason to uphold such an expansive time restriction, and I find this covenant to be "patently unreasonable." *Hartman*, 117 N.C. App. at 315, 450 S.E.2d at 918.

### *Legitimate Business Interest*

A covenant must be no wider in scope than is necessary to protect the business of the employer. *Manpower of Guilford Co. v. Hedgecock*, 42 N.C. App. 515, 521, 257 S.E.2d 109, 114 (1979). If the covenant at issue is too broad to be reasonable, it will not be enforced. *Whittaker Gen. Med. Corp. v. Daniel*, 324 N.C. 523, 528, 379 S.E.2d 824, 828, *reh'g denied*, 325 N.C. 231, 381 S.E.2d 792 (1989). As this dissenter has previously noted, neither the time nor territory provisions of the instant covenant are reasonable. Under this covenant, defendant would be prohibited from transacting business in the year 1998 with clients (how many we cannot determine) that plaintiff lost in 1990.

This " 'approach to drafting [the covenant] produces oppressive results and [the covenant is thus] invalid.' " *Hartman*, 117 N.C. App. at 316, 450 S.E.2d at 919 (quoting *Electrical South, Inc. v. Lewis*, 96 N.C. App. 160, 168, 385 S.E.2d 352, 357 (1989), *disc. review denied*, 326 N.C. 595, 393 S.E.2d 876 (1990)).

The instant covenant prohibits defendants from "directly or indirectly . . . contact[ing] or in any way attempt[ing] to solicit insurance business from any individual, corporation or organization which is . . . [or was] a customer or client of the Company . . . ." Defendant Homer Todd, in his affidavit, states unequivocally: "All such policies that I have written have resulted from *those clients contacting me* and asking that I provide insurance for them. *At no time did I first solicit or contact* any of those clients after I left PLC [plaintiff's firm] in 1993." (Emphasis added.)

The covenant explicitly prohibits defendants from *affirmative* contact; it does not speak to the issue of former or current customers of PLC (plaintiff) contacting defendants for the purpose of conducting business. Defendant Todd's denial of any affirmative contact stands uncontested, as the portion of plaintiff Stuart C. Thomas's (Thomas is an officer and director of PLC) affidavit dealing with defendants' alleged solicitations is not based on the personal knowledge of the affiant. It is the long-standing rule of this Court that affidavits must be made on the affiant's personal knowledge. *Singleton v. Stewart*, 280 N.C. 460, 467, 186 S.E.2d 400, 405 (1972). Thus, any portion of plaintiff Thomas's affidavit not based on personal knowledge "could not have been properly considered by the trial judge" in granting the preliminary injunction. *Id.*

Paragraph nine of the Thomas affidavit (2 March 1995) states: "Either I or my staff has confirmed with each of these former clients [listed in paragraph eight] that Mr. Todd has solicited and written their insurance business since his termination with the Plaintiff." Since this allegation forms the central premise of plaintiff's case, and we cannot discern whether or not it is based on the affiant's personal knowledge, we are bound by *Singleton* not to consider this information.

### *Application of the Blue Penciling Doctrine*

"When the language of a covenant not to compete is overly broad, North Carolina's 'blue pencil' rule severely limits what the court may do to alter the covenant." *Hartman*, 117 N.C. App. at 317, 450 S.E.2d at 920. If part of an unreasonable covenant may be severed so as to save the contract and render the provision reasonable, this Court may elect to do so. *Id.* In this case, severing the overly broad time and territory provisions would eliminate clauses inherently necessary to a covenant not to compete. *Id.* at 311, 450 S.E.2d at 916.

This Court may not resurrect, in whole cloth, a covenant not to compete by erasing and replacing offending, but key, portions of a contract. *Id.* at 311, 317, 450 S.E.2d at 916, 920. Yet this is exactly the necessity raised by the instant facts. As plaintiff's covenant fails the *Hartman* analysis, it logically follows they will not succeed at trial. Thus, the covenant not to compete is void, and the trial court should be reversed. Therefore, I respectfully dissent.