STATE OF NORTH CAROLINA v. MITCHELL JOHN PAKULSKI AND ELLIOTT
CLIFFORD ROWE, III

No. 9130SC446

(Filed 16 June 1992)

**1. Judges § 5 (NCI3d) — comments by judge — motion to disqualify denied — no error**

There was no merit to defendants' contentions that the trial judge should have recused himself because a defense counsel testified that he had heard the judge say "Why don't you just plead the slimy sons-of-bitches guilty?" The record contains no affidavit setting forth the facts as required by N.C.G.S. § 15A-1223(c); other witnesses present at the time did not recall the judge making such a statement, nor did the judge himself recall making the statement, and there was not sufficient force in the allegations made by defendants to require the judge to disqualify himself or refer the matter to another judge; and the statement attributed to the judge occurred prior to a hearing in March, 1988 and defendants elected not to seek recusal until after 4 May 1989. One must raise a motion to recuse at the earliest moment after acquiring knowledge of the facts which give rise to the motion; a defendant cannot choose to wait and seek recusal after the judge rules unfavorably to the defendant on other grounds.

**Am Jur 2d, Judges § 202.**

**2. Constitutional Law § 248 (NCI4th) — failure to disclose exculpatory evidence until 4th trial — no error**

The trial court did not err by denying defendants' motion for appropriate relief to bar imposition of judgment for armed robbery where defendants had made a general request for all exculpatory evidence in the possession of the prosecution

and contended that the prosecution failed to disclose certain exculpatory evidence until the fourth trial. It is doubtful that this evidence is exculpatory; even so it is not so material that there was a reasonable possibility that the result of the trial would have been different had it been disclosed.

**Am Jur 2d, Criminal Law §§ 770, 785.**

3. **Robbery § 6.1 (NCI3d) — sentencing — felony murder conviction not sought — sentencing on armed robbery proper**

The trial judge did not err by imposing active sentences for armed robbery where the first two trials ended with mistrials; the third trial resulted in convictions on charges of first degree murder based on felony murder, felonious larceny of a motor vehicle, felonious breaking or entering, felonious larceny, armed robbery, and conspiracy; the trial court arrested judgment on the convictions for breaking or entering, larceny and armed robbery since those were the felonies upon which the first degree felony murder convictions were based; the North Carolina Supreme Court granted a new trial on the murder charges but specifically found no error in the convictions for armed robbery, felonious breaking or entering, larceny of an automobile, and conspiracy; a fourth trial ended in a mistrial; the State prayed judgment on the felonious breaking or entering and felonious larceny charges; defendants were sentenced on those charges; the State subsequently elected to pray judgment on the convictions for armed robbery rather than retry defendants for murder; and defendants were given life sentences to run consecutively to any previously imposed sentences. Once the State elected not to pursue convictions under the felony murder theory, the imposition of sentences on the armed robbery convictions was proper.

**Am Jur 2d, Criminal Law § 814; Robbery § 84.**

4. **Robbery § 6.1 (NCI3d) — delay between conviction and sentencing — no prejudicial error**

There was no prejudicial error in a delay of five and one-half years between convictions for armed robbery and the imposition of life sentences where defendants appealed to the Supreme Court twice during that period, filed other motions

requiring hearings, and have not shown prejudice resulting from the delays.

**Am Jur 2d, Criminal Law § 526.**

5. **Criminal Law § 1684 (NCI4th) — sentencing for armed robbery — following appeal of felony murder conviction — no error**

The trial court did not violate N.C.G.S. § 15A-1335 by imposing life sentences for armed robbery to run consecutively with all previously imposed sentences where the trial court was for the first time imposing life sentences after the armed robbery convictions had been upheld and felony murder convictions set aside. Even if the imposition of sentences for armed robbery is construed to be a resentencing of the murder convictions which were set aside, the new sentences for armed robbery based on the same conduct are not more severe than the prior sentences for murder.

**Am Jur 2d, Criminal Law § 814; Robbery § 84.**

APPEAL by defendants from judgments entered 31 July 1990 by *Judge Marvin K. Gray* in HAYWOOD County Superior Court. Heard in the Court of Appeals 11 February 1992.

In this case the State's evidence tended to show that on the night of 16 September 1978, the defendants and two accomplices, David Chambers and Donna Rowe, met in the vicinity of Dr. Guy Abbate's office located on Church Street in Waynesville, N. C. Defendants arrived in a pickup truck, while the two accomplices were in a 1968 burgundy Chevrolet. The pickup truck was parked next to Dr. Abbate's office and the Chevrolet was parked on Montgomery Street near the corner of Church Street. Defendant Pakulski and the accomplices went to a nearby bar and stayed until that establishment closed. Thereafter, defendants and Chambers broke into the offices of Dr. Guy Abbate, while Donna Rowe was left as lookout in the burgundy Chevrolet. While they were inside ransacking the office, a security guard, Willard Setzer, arrived. A scuffle ensued and Setzer was shot in the head and subsequently died. Defendants took Setzer's gun, wallet and money, and fled in the Chevrolet and Setzer's car, but left the pickup truck in the parking lot. Other facts are set forth in *State v. Pakulski and Rowe*, 319 N.C. 562, 356 S.E.2d 319 (1987) and *State v. Pakulski and Rowe*, 326 N.C. 434, 390 S.E.2d 129 (1990).

We now turn to the lengthy history of the case which has bearing upon the current appeal. Indictments against the defendants were returned charging them with (1) first degree murder; (2) robbery with a dangerous weapon; (3) larceny of a motor vehicle; (4) felonious breaking or entering; (5) felonious larceny; (6) conspiracy to commit murder; and (7) conspiracy to break or enter. The first and second trials in 1984 ended in mistrials because the jury was unable to reach a verdict. The third trial in November, 1984 resulted in convictions on the charges of murder in the first degree (based upon felony murder), felonious larceny of a motor vehicle, felonious breaking or entering, felonious larceny, armed robbery, and conspiracy to commit felonious breaking or entering and larceny. *State v. Pakulski and Rowe*, 326 N.C. 434, 390 S.E.2d 129 (1990). Sentences were imposed on each defendant as follows: (1) life sentence for the murder; (2) a consecutive term of ten years for larceny of a motor vehicle; and (3) a concurrent term of ten years for conspiracy to commit breaking or entering and larceny. The trial court arrested judgment on the convictions for felonious breaking or entering, felonious larceny and armed robbery since these were the felonies upon which the first degree felony murder convictions were based. *Id.*

Defendants appealed to the Supreme Court of North Carolina which granted a new trial on the first-degree murder charges because of the improper submission of breaking or entering as a possible predicate felony of the felony murder. *State v. Pakulski and Rowe*, 319 N.C. 562, 356 S.E.2d 319 (1987). However, the Court specifically found no error in defendants' convictions for robbery with a dangerous weapon, felonious breaking or entering, larceny of an automobile, and conspiracy to commit felonious breaking or entering. *Id.*

The fourth trial ended in a mistrial when the jury was unable to reach a verdict on 13 February 1988. On 31 March 1988, the State prayed judgment on the felonious breaking or entering and felonious larceny charges, and Judge William H. Freeman sentenced each defendant to ten-year terms on each of these two convictions to run consecutively to any sentence they were then serving. Defendants appealed the imposition of these new sentences and the Supreme Court concluded the sentencing was proper. The Court found these felonies were no longer the predicate felonies for felony murder and therefore the trial court was free to sentence defend-

ants for these convictions. *State v. Pakulski and Rowe*, 326 N.C. 434, 390 S.E.2d 129 (1990).

In May of 1989, while the murder charges were still pending, defendants filed a motion to recuse Judge Freeman from hearings set for 30 May 1989 based upon a remark he supposedly made a year earlier. They also filed a motion for appropriate relief based upon exculpatory evidence not being divulged to defendants before the earlier trials. Judge Freeman denied both motions.

On 30 July 1990 the State elected to pray judgment on the convictions of armed robbery, rather than retry defendants on the murder charge. The trial court imposed life sentences on each defendant to run consecutively to any previously imposed sentences.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General William P. Hart and Assistant Attorney General John H. Watters, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Gordon Widenhouse, for defendant appellant Pakulski.*

*McLean and Dickson, P.A., by Russell L. McLean, III, for defendant appellant Rowe.*

WALKER, Judge.

On appeal defendants argue the following: (1) the court erred in denying their motion to bar imposition of judgment on the armed robbery conviction based on a violation of their rights because certain exculpatory evidence was not timely disclosed; (2) the court erred in the imposition of sentences for armed robbery by violating their rights to freedom from double jeopardy and to due process of law; and (3) the court erred in sentencing defendants on their armed robbery convictions as this violated G.S. 15A-1335 because each defendant received a longer total sentence than was originally imposed.

I.

In their motion to bar imposition of judgment on the convictions for armed robbery, defendants renewed their motion to recuse Judge Freeman which was denied in May, 1989 and for appropriate relief which was denied 17 April 1990. We will treat each of these grounds separately.

A.

[1]   In regards to the motion to recuse, Russell McLean, attorney for defendant Rowe, testified that prior to the 31 March 1988 hearing he heard Judge Freeman say, "Why don't you just plead the slimy sons-of-bitches guilty?" On the basis of this alleged statement, defendants assert that Judge Freeman should have excused himself or referred the motion to another trial judge.

G.S. 15A-1223 provides in pertinent part:

(b) A judge, on motion of the State or the defendant, must disqualify himself from presiding over a criminal trial or other criminal proceeding if he is:

(1) Prejudiced against the moving party or in favor of the adverse party;

.   .   .   .

(c) A motion to disqualify must be in writing and must be accompanied by one or more affidavits setting forth facts relied upon to show the grounds for disqualification.

(d) A motion to disqualify a judge must be filed no less than five days before the time the case is called for trial unless good cause is shown for failure to file within that time. Good cause includes the discovery of facts constituting grounds for disqualification less than five days before the case is called for trial.

We find no merit in defendants' contentions for three reasons.

*First*, as noted in G.S. 15A-1223(c), a motion to disqualify must be supported by an affidavit setting forth the facts. Here the record contains no such affidavit or supporting document.

*Second*, although Mr. McLean testified to the statement he attributed to Judge Freeman, other witnesses present at the time did not recall Judge Freeman making such a statement, nor did Judge Freeman himself recall making this comment. He stated for the record that he did not have any prejudice for or against either side in the case. Although a trial judge should either recuse himself or refer the matter to another judge if there is "sufficient force in the allegations contained in defendant's motion to proceed to find facts," *State v. Poole*, 305 N.C. 308, 320, 289 S.E.2d 335, 343 (1982), we do not find "sufficient force" in the allegations made

by defendants to require Judge Freeman to disqualify himself or refer the matter to another judge. We do not believe that "a reasonable man knowing all of the circumstances would have doubt about the judge's ability to rule on the motion to recuse in an impartial manner." *Id.* at 321, 289 S.E.2d at 343.

*Third*, the statement attributed to Judge Freeman occurred prior to a hearing in March, 1988, in which the trial court denied defendants' motion to dismiss. However, for whatever reasons, the defendants elected not to seek recusal of Judge Freeman until after the Supreme Court's order of 4 May 1989. One must raise a motion to recuse at the earliest moment after acquiring knowledge of the facts which give rise to the motion to recuse. *United States v. Owens*, 902 F.2d 1154 (4th Cir. 1990). A defendant cannot choose to wait and seek a trial judge's recusal until after the trial judge rules unfavorably to the defendant on some other grounds. *Id.* Defendants were dilatory and therefore waived their right to assign error to the denial of their motion to recuse.

B.

[2] Defendants made a motion for appropriate relief after the fourth trial resulted in a mistrial, asserting the prosecution failed to disclose certain exculpatory testimony of Coleman Swanger until the fourth trial. Swanger testified that on the night of the incident at Dr. Abbate's office he had just left work as a Waynesville police officer and was driving home on Church Street. His attention was focused on the left side of Church Street where he noticed the victim's car, the doctor's office and a pickup truck with dew on it in the parking lot of Ray's Supermarket. He did not notice anything suspicious nor did he look to the right at the intersection of Montgomery Street and see Donna Rowe in a parked car. Swanger was not involved in the investigation and he never made any notes about his observations. Although Swanger mentioned his observations to other police officials, he was never interviewed by the prosecution until January, 1988. Defendants contend Swanger's testimony was inconsistent with other evidence produced by the State and supports their theory that they were not in the state at the time of the incident.

The prosecution's suppression of evidence favorable to an accused violates due process where the evidence is "material" either to guilt or punishment. *Brady v. Maryland*, 373 U.S. 83, 10 L.Ed.2d 215 (1963). In the present case, after their indictment, defendants

made a general request for all exculpatory evidence in the possession of the prosecution. In evaluating whether the prosecutor has failed in his duty to disclose exculpatory evidence, the court must determine if the evidence is "material" to the question of guilt. *United States v. Agurs*, 427 U.S. 97, 49 L.Ed.2d 342 (1976). Undisclosed evidence "is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682, 87 L.Ed.2d 481, 494 (1985); *State v. Coats*, 100 N.C.App. 455, 464, 397 S.E.2d 512, 518 (1990). While it is doubtful that this evidence is exculpatory, even if so, it is not so material that there was a reasonable probability had it been disclosed the result of the trial would have been different. Accordingly, the trial court did not err in denying defendants' motion for appropriate relief to bar imposition of judgment on the basis of the prosecution's suppression of evidence.

II.

[3] In their second and third assignments of error, defendants contend that the imposition of life sentences on the armed robbery charges violated due process and constituted double jeopardy. We disagree.

In a previous appeal, defendants asserted the trial court violated their constitutional rights when it imposed active sentences on defendants' convictions for felonious breaking or entering and felonious larceny. *State v. Pakulski and Rowe*, 326 N.C. 434, 390 S.E.2d 129 (1990). The Court noted these judgments were originally arrested only because these crimes were the predicate felonies underlying defendants' felony murder convictions. However, when the State elected not to seek convictions of defendants on the theory of felony murder, there was no legal impediment to imposition of sentences on these valid felony convictions. Therefore, the trial court did not err in imposing active sentences for felonious breaking or entering and felonious larceny. *Id.*

In the present case, the State elected to seek judgments on the convictions of armed robbery in lieu of proceeding to a fifth trial on the murder charges. Once the State elected not to pursue convictions under the felony murder theory, the imposition of sentences on the armed robbery convictions was proper.

STATE v. PAKULSKI

[106 N.C. App. 444 (1992)]

**[4]** Defendants further contend that the imposition of life sentences for armed robbery some five and one-half years after they were convicted of armed robbery constitutes inexcusable delay precluding the State from imposing such sentences. However, we note that defendants have appealed to the Supreme Court twice during this period and in addition, filed other motions requiring hearings, so clearly much of the delay in sentencing is attributable to defendants themselves. Furthermore, they have not shown any prejudice resulting from these delays and this assignment of error is overruled.

### III.

**[5]** In their final assignment of error, defendants contend the trial court violated G.S. 15A-1335 by imposing a life sentence against each defendant for armed robbery to run consecutively with all previously imposed sentences, thereby causing them to receive longer sentences following their appeals. G.S. 15A-1335 provides:

> When a conviction or sentence imposed in superior court has been set aside on direct review or collateral attack, the court may not impose a new sentence for the same offense, or for a different offense based on the same conduct, which is more severe than the prior sentence less the portion of the prior sentence previously served.

Here, for the first time, the trial court imposed life sentences after the armed robbery convictions had been upheld by the Supreme Court. This does not constitute a resentencing within the meaning of G.S. 15A-1335. At the time of the commission of the crimes of armed robbery by defendants, G.S. 14-87 provided for punishment up to life imprisonment. Therefore, the trial court had the discretion to impose the maximum sentence of life imprisonment in each case.

We agree with the State that if the imposition of sentences for armed robbery is construed to be a resentencing of the murder convictions which were set aside, then the new sentences for armed robbery based on the same conduct are not more severe than the prior sentences, i.e., the life sentences of imprisonment for armed robbery are identical to the previous sentences each defendant received for murder.

Defendants have likewise failed to establish that the imposition of the two ten-year consecutive sentences in 1988 constituted a

resentencing within the purview of G.S. 15A-1335. The judgments of the trial court are

Affirmed.

Judges ARNOLD and PARKER concur.