An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 25-280

Filed 15 October 2025

Johnston County, No. 18CVD001233-500

THE ARMSTRONG LAW FIRM, P.A., Plaintiff,

v.

RONNIE CHAPMAN, Defendant.

Appeal by defendant from orders entered 18 February 2021 by Judge Addie Rawls and 28 October 2024 by Judge Jason Coats in Johnston County District Court. Heard in the Court of Appeals 9 September 2024.

> *The Armstrong Law Firm, PA, by L. Lamar Armstrong, III, for plaintiff-appellee.*
>
> *Ronnie Chapman, pro se, for defendant-appellant.*

ARROWOOD, Judge.

Ronnie Chapman ("defendant") petitions this Court to issue writ of certiorari to review the trial court's denials of two sets of motions to recuse and to grant new trials issued by Judge Addie Rawls on 18 February 2021 and Judge Jason Coats on 28 October 2024. For the following reasons, we deny his petition for writ, lack jurisdiction to reach the merits of Judge Rawls' order, and affirm Judge Coats' orders.

## I.  Background

This case arises from a contract dispute between the Armstrong Law Firm, P.A. ("plaintiff") and defendant over unpaid legal fees.  Following a bench trial in March 2019 before the Honorable O. Henry Willis in which Chapman appeared *pro se*, the district court entered judgments in favor of plaintiff and taxed a portion of plaintiff's attorney's fees against defendant.  Defendant did not appeal those judgments, but on 6 May 2019, he filed a motion for a new trial and amendments to judgment pursuant to Rules of Civil Procedure 52, 59, and 60, followed by a motion to recuse Judge Willis on 31 May 2019.

On 18 February 2021, the Honorable Addie Rawls entered an order denying Defendant's motion for a new trial, finding that he had failed to support his contentions, while the Motion to Recuse was deemed abandoned.  Again, defendant did not file a notice of appeal from that order within thirty days.  Instead, on 3 March 2021, Defendant filed a second set of post-trial motions raising arguments substantially identical to those rejected by Judge Rawls, and also moved to recuse Judge Rawls.  On 22 March 2021, defendant filed a motion under Rule 62(a) to stay execution of the judgments against him.  However, defendant did not attempt to schedule any of these motions.

The matter lay dormant until plaintiff revived collection efforts and defendant received Notice of Right to Have Exemptions Designated on 14 May 2024.  On 28 October 2024, the Honorable Jason Coats entered two orders denying defendant's

second post-trial motions and denying as moot defendant's motion to recuse Judge Rawls. Judge Coats found that defendant failed to timely appeal the judgments, that the post-trial motions used the same arguments and evidence previously raised, that Rawls' order was the law of the case and the product of a sound exercise of discretion containing final and binding rulings and sufficient findings of fact to support its legal conclusions, and that defendant failed to meet his burden to show grounds for relief under Rules 52, 59, or 60.

On 27 November 2024, defendant filed a notice of appeal as to Judge Rawls' February 2021 Order and the "order or judgment entered by the District Court on October 28, 2024, with Judge Jason Coats presiding." Defendant also petitioned for writ of certiorari seeking review of both Judge Rawls' 2021 order and Judge Coats' 2024 orders, but the petition was not verified and did not attach the orders for which review was sought. Plaintiff opposed this petition and moved for sanctions.

## II. Discussion

Defendant seeks review of multiple trial court orders entered between 2021 and 2024. We first address defendant's petition for writ of certiorari and consider the timeliness of his notice of appeal as to Judge Rawls' 18 February 2021 Order. We then consider whether defendant properly invoked this Court's jurisdiction to review Judge Coats' 28 October 2024 orders. Next, finding that this court has jurisdiction to consider Judge Coats' orders, we examine the merits. Last, we consider plaintiff's motion for sanctions.

- 3 -

A.      Petition for Writ of Certiorari

Defendant petitioned this court for a writ of certiorari seeking review of Judge Rawls' 18 February 2021 order and Judge Coats' 28 October 2024 orders. "A party is entitled to a writ of certiorari when–and only when–the failure to perfect the appeal is due to some error or act of the court or its officers, and not to any fault or neglect of the party or his agent." *In re Snelgrove*, 208 N.C. 670 (1935). Certiorari is a discretionary writ which may "be issued only for good or sufficient cause shown," and must "show merit or that [the petitioner] has reasonable grounds for asking that the case be brought up and reviewed on appeal." *Id.* (citation omitted). "[Extraordinary] circumstances" must justify this writ, generally requiring a showing of "substantial harm, considerable waste of judicial resources, or 'wide-reaching issues of justice and liberty at stake.'" *Cryan v. Nat'l Council of Young Men's Christian Ass'ns of U.S.*, 384 N.C. 569, 572–73 (2023) (citations omitted). Our decisions on these petitions are "discretionary determinations to be made on a case-by-case basis." *State v. Ricks*, 378 N.C. 737, 740 (2021) (cleaned up). "A writ of certiorari is not intended as a substitute for a notice of appeal because such a practice would render meaningless the rules governing the time and manner of noticing appeals." *Id.* at 741 (cleaned up).

A notice to appeal an order must be filed within thirty days unless otherwise tolled by a proper post-trial motion. N.C. R. App. P. 3 (c) (1). Failure to give timely notice of appeal is jurisdictional and an untimely attempt to appeal must be dismissed. *Booth v. Utica Mut. Ins. Co.*, 308 N.C. 187, 189 (1983). Defendant did not

appeal within thirty days of Judge Rawls' order.  Instead, on 3 March 2021, he filed a second round of motions "as allowed under Rule 52, Rule 59 and Rule 60."

A proper and timely Rule 52(b) or Rule 59 motion can stop the appeal clock until the trial court resolves the motion.  N.C. R. App. P. 3 (c) (3).  However, an improper Rule 52(b) or Rule 59 motion does not toll the deadline.  *Reints v. WB Towing Inc.* 289 N.C. App. 653, 657 (2023); *see also Davis v. Rizzo*, 261 N.C. App. 9, 15 (2018).  Rule 52(b) and Rule 59 motions are timely if filed within 10 days of the entry of judgment. N.C. R. Civ. P. 52 (b); N.C. R. Civ. P. 59 (c).  Therefore, if defendant sought to file a motion under Rule 52 and 59 after Judge Rawls' order, his deadline was 1 March 2021.  N.C. R. Civ. P. 6(a).  Accordingly, the round of motions filed 3 March 2021 was untimely and did not toll the appeal deadline.

Moreover, a Rule 52(b) motion is intended to request amended or additional findings to a judgment issued following a bench trial to ensure that an appellate court has a "correct understanding of the factual issues determined by the trial court." *Parrish v. Cole*, 38 N.C. App. 691, 694 (1978).  Its purpose does not encompass re-litigating old matters or presenting arguments and evidence that were or could have been raised earlier.  *See generally* 19 N.C. Index 4th Judgments § 53 (2025) (discussing the misuse of rules permitting a court to alter or amend a judgment). Likewise, this Court has long held that Rule 59 also cannot be used as a means to rehash matters already argued.  *Smith v. Johnson*, 125 N.C. App. 603, 606 (1997).

Judge Willis issued judgments in April 2019 and defendant did not appeal.

Judge Rawls' order contained the final and binding rulings on defendant's motions for relief under Rules 52 and 59. Defendant admits that the March 2021 motions raised the same arguments, based upon the same evidence, previously raised both at trial and supporting the motions Judge Rawls considered, "to have them reviewed by an unbiased trier of fact." Neither Rule 52(b) nor Rule 59 contemplates this purpose; indeed, a motion for a new trial is no substitute for appeal. *Musick v. Musick*, 203 N.C. App. 368, 371 (2010). Furthermore, neither Rule provides for motions seeking relief from orders; they provide an avenue for relief only from judgments. N.C. R. Civ. P. 52; N.C. R. Civ. P. 59.

Accordingly, the motions were untimely, improper, and ineffective to toll the deadline to appeal Judge Rawls' order. The notice of appeal filed 27 November 2024, is over three years late as to that order, and the delay is attributable solely to defendant's failure to comply with the "time and manner" of our procedural rules. *Ricks*, 378 N.C. at 741. He identifies no external circumstance, mistake of the trial court, or other factors outside his control preventing him from properly preserving appellate review. Thus, no extraordinary circumstances merit certiorari review of the order, and we deny the petition.

B.    Appeal from Judge Coats' 28 October 2024 Orders

Defendant timely seeks review of "the order or judgment entered by the District Court on October 28, 2024, with Judge Jason Coats presiding." On that date, Judge Coats entered two separate orders: the denial of defendant's second motion for

a new trial and the denial of defendant's motion to recuse Judge Rawls.

As a general rule, this Court may exercise jurisdiction only over the rulings specifically designated in the notice of appeal as the ones the appellant appeals. *Ochsner v. N.C. Dep't of Revenue*, 268 N.C. App. 391, 399 (2019). Ambiguity or failure to specify the order deprives this Court of jurisdiction. *Fairfield Harbour Prop. Owners Ass'n v. Midsouth Golf, LLC*, 215 N.C. App. 66, 70 (2011). However, our Courts construe Rule 3 liberally to excuse defects in a notice of appeal where the "intent to appeal from a specific judgment can be fairly inferred . . . and the appellee is not misled." *Smith v. Independent Life Ins. Co.*, 43 N.C. App. 269, 274 (1979). The "fairly inferred" doctrine ensures that Rule 3(d) violations result in dismissal only where the appellee is prejudiced by the appellant's mistake. *Phelps Staffing, LLC v. S.C. Phelps, Inc.*, 217 N.C. App. 403, 410 (2011).

Here, although the notice of appeal did not expressly distinguish between the orders, one can easily and fairly infer the scope of defendant's appeal from the record. The order denying defendant's motion to recuse as moot was conclusory and collateral to the motion for a new trial and issued simultaneously after a hearing on both motions. Defendant's brief argues at length as to both orders, and plaintiff's brief considers both orders on their merits. Furthermore, plaintiff makes no claim that it was prejudiced or misled by any ambiguity as to the scope of this dispute. Because both plaintiff and this Court fairly infer that this appeal encompasses both orders, we have jurisdiction to consider them on the merits.

C.     Denial of Defendant's Post-Trial Motions

Defendant appeals from Judge Coats' order denying his 3 March 2021 Motion for New Trial and Amendment of Judgments.  We review a trial court's ruling on a motion for a new trial under an abuse of discretion standard and reverse only upon a showing that its actions were "manifestly unsupported by reason."  *Davis v. Davis* 360 N.C. 518, 523 (2006).  Accordingly, appellate courts will afford due deference and reluctance to disturb these rulings unless the record clearly demonstrates a "manifest abuse of discretion."  *Worthington v. Bynum*, 305 N.C. 478, 482 (1982).

Judge Coats found that Judge Rawls' order contained the "final, binding rulings" on his requests pursuant to Rules 52, 59, and 60, and constituted the "final, binding law" of the case.  Defendant did not timely appeal Judge Rawls' order, and an un-appealed order becomes "the law of the case, and other district judges [are] without authority to enter orders to the contrary."  *Johnson v. Johnson*, 7 N.C. App. 310, 313 (1970).  The trial court may disturb the prior order of another trial court judge only where the original order was interlocutory, discretionary, and where there has been a substantial change in circumstances in the interim.  *First Fin. Ins. Co. v. Commercial Coverage*, 154 N.C. App. 504, 507 (2002).  Also, the party seeking modification must show that intervening new facts have "changed the legal foundation for the prior order."  *Dublin v. UCR, Inc.*, 115 N.C. App. 209, 220 (1994).  Because the post-trial motions requested the same relief, upon the same grounds and evidence, as defendant requested in his prior motions, Judge Coats determined they

were an "impermissible collateral attack" on Judge Rawls' final order. This finding was legally sound, supported by the record, and sufficient to deny the motions.

Judge Coats went further, however, concluding that even if relief were available in this case, defendant failed to demonstrate any grounds under Rules 52, 59, or 60. Defendant would have been required to demonstrate either: (1) that the judgments set forth insufficient findings of fact to support their legal conclusions, pursuant to rule 52; (2) that the evidence was insufficient to support the judgments' findings, pursuant to Rule 59(a)(7); (3) that there were errors of law at trial or in the judgments, pursuant to Rule 50(a)(8); or (4) that newly discovered evidence exists that could not have been discovered by due diligence in time to move for a new trial, pursuant to Rule 60(b)(2).

First, Judge Coats reasonably approved Judge Rawls' determination that the judgments' factual findings sufficiently supported their legal conclusion that defendant breached the contract and owes the outstanding amount, plus interest and attorney's fees. Judge Coats listed the evidence from the record supporting Judge Rawls' conclusion, including the signed agreement and emails showing services rendered, itemized invoices, and defendant's refusal to pay and repeated failure to provide any legally recognized justification. Defendant offered no argument permitting him to disturb that conclusion. Thus, Judge Coats did not abuse his discretion by determining that Judge Rawls saw sufficient evidence to support both the judgments' findings and legal conclusions.

Second, Judge Coats found no error of law at trial or in the judgments. Defendant's arguments on this issue arise from the initial signed and fully integrated contract. The trial court determined that the contract term "from time to time" was ambiguous. However, it resolved the ambiguity in favor of plaintiff, because defendant's interpretation—that plaintiff was required to invoice him more frequently and therefore excused him of his payment obligations—was not reasonable. Judge Willis found "that the failure to invoice more often does not mean the services are not appropriate or that Chapman is excused from paying for them."

Defendant has since argued in repeated motions, and again on appeal, that resolution of a contract ambiguity poses a question of law and, in reliance upon *Electrical South, Inc. v. Lewis*, that the trial court was required to construe the ambiguous term against its draftsman. *See Electrical South, Inc. v. Lewis*, 96 N.C. App. 160, 167 (1989). Not so. It is a question of fact. *Crider v. Jones Island Club, Inc.*, 147 N.C. App. 262, 266–67 (2001). Furthermore, defendant's reading of *Electrical South* is contrary to our case law; in fact, the court would have erred had it adopted defendant's construction, because it would have imposed upon plaintiff liability not bargained for and not found in the terms of the contract. *DeRossett v. Duke Energy Carolinas, LLC*, 206 N.C. App. 647, 653 (2010). *Electrical South* does not oblige the court to ignore the only reasonable interpretation before it and instead enforce defendant's unreasonable and unlawful construction. Accordingly, Judge Rawls found no merit in defendant's argument that the trial court's conclusions were

unsupported by law. Judge Coats reasonably agreed that the issue was properly resolved and correctly observed that defendant had waived any affirmative defense "that Plaintiff materially breached the Parties' agreement." Furthermore, defendant obtained no transcript to show he objected to legal error at trial, as Rule 59(a)(8) requires. N.C. R. Civ. P. 59(a)(8). For the above reasons, Judge Coats exercised sound discretion supported by reason on this question.

Lastly, in the 21 October 2024 hearing, defendant claimed he had "new evidence" proving that plaintiff violated the North Carolina Rules of Professional Conduct requiring attorneys to conduct monthly and quarterly reconciliations. Judge Coats found that the proposed evidence had been admitted in the original trial, failed to prove the allegation, and was "another impermissible attempt to make the same arguments, based upon the same evidence." Judge Coats reasonably determined that defendant had not carried his burden to show changed circumstances due to new evidence, and he committed no manifest error.

In sum, Judge Coats concluded that "Judge Rawls' Order is in all respects proper and the product of a sound exercise of [her] discretion" and that Defendant "failed to meet his burden to show grounds for relief" under Rules 52, 59, or 60. Our review of the record confirms that Judge Coats came to the correct and properly reasoned conclusion. Defendant merely recycled litigated issues, offered "new" evidence already admitted at trial, and failed to identify any legal error or evidentiary insufficiency. We find no manifest abuse of discretion in the court's denial of the post-

trial motions.  Accordingly, we affirm Judge Coats' order.

### D.    Denial of Defendant's Motion to Recuse

Defendant also appeals from Judge Coats' order denying his 3 March 2021 motion to recuse Judge Rawls.  The denial of a motion for recusal is reviewed for abuse of discretion.  *Roper v. Thomas*, 60 N.C. App. 64, 76 (1982).  "A recusal motion is a pretrial motion.  It does not go to the merits of the pleadings."  *Lowder v. All Star Mills, Inc.*, 60 N.C. App. 699, 704 (1983).  Parties must move to recuse at the earliest moment after acquiring knowledge of facts necessitating recusal.  *State v. Pakulski*, 106 N.C. App. 444, 450 (1992).  A party cannot "choose to wait and seek a trial judge's recusal until after the trial judge rules unfavorably."  *Id.*  A question is moot where its resolution would have no practical effect on the present controversy.  *Emerson v. Cape Fear Country Club, Inc.*, 259 N.C. App. 755, 764 (2018).

Here, defendant sought to disqualify Judge Rawls from a final and binding order.  Defendant was obligated to do so before her role in the controversy came to its conclusion.  Otherwise, the Court is merely determining "abstract propositions of law."  *In re Peoples*, 296 N.C. 109, 147 (1978).  Furthermore, Judge Coats judicially noticed Judge Rawls' retirement from the bench.  Considering the tardiness of defendant's motion, Judge Coats properly determined that the question was moot and denied the motion.  Therefore, we find no abuse of discretion.

### E.    Motion for Sanctions

Plaintiff moved for sanctions, arguing that defendant's appeal was frivolous.

Sanctions may be warranted if an appeal is not well grounded in fact, not warranted by existing law, taken for an improper purpose, or filed in violation of appellate rules. N.C. R. App. P. 34(a). We recognize that defendant's notice of appeal was sufficient to invoke our jurisdiction of Judge Coats' orders, and that defendant is a *pro se* litigant, which may explain his pursuit of issues already foreclosed. Given the *pro se* nature of plaintiff's appeal, in our discretion we deny the motion for sanctions. Nevertheless, we strongly advise defendant to respect the final, settled, and binding nature of the lower court's judgments and orders and to comply with the lawfully entered judgment as further dilatory tactics will clearly be sanctionable.

### III.    Conclusion

For the foregoing reasons, we affirm the trial court's orders.

AFFIRMED.

Judges STROUD and STADING concur.

Report per Rule 30(e).